1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YELONDA DANIELE BOWLIN,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C22-5676-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

       Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

       Plaintiff was born in 1970, has a GED and training in customer service, and has worked as a bartender and waitress. AR 2673, 6140. Plaintiff was last gainfully employed in January 2018. AR 2672.

       In March 2019, Plaintiff applied for benefits, alleging disability as of March 12, 2019. AR 2619-34. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

1  requested a hearing.  AR 2553-56, 2560-63.  After the ALJ conducted a hearing in March 2021

2  (AR ), the ALJ issued a decision finding Plaintiff not disabled.  AR 6128-42.

3                                   **THE ALJ'S DECISION**

4        Utilizing the five-step disability evaluation process,[1] the ALJ found:

5        **Step one**:  Plaintiff has not engaged in substantial gainful activity since the application
         date.

6

7        **Step two**:  Plaintiff has the following severe impairments: congestive heart failure,
         fibromyalgia, hip bursitis, a left knee condition, obesity, tobacco abuse, depression
         disorder, anxiety disorder, bipolar disorder, and post-traumatic stress disorder.

8

9        **Step three**:  These impairments do not meet or equal the requirements of a listed
         impairment.[2]

10       **Residual Functional Capacity**:  Plaintiff can perform light work with additional
         limitations: she can lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently.

11       She can sit, stand, and walk for six hours each.  She can occasionally climb ramps and
         stairs, and never climb ladders, ropes, and scaffolds.  She can occasionally stoop, kneel,

12       crouch, and crawl.  She cannot work at unprotected heights or around moving mechanical
         parts.  She can occasionally operate a motor vehicle.  She can have rare (between none

13       and occasional) exposure to dust, odors, fumes, and pulmonary irritants.  She can have
         frequent exposure to temperature extremes.  She can understand, remember, and apply

14       detailed, but not complex, instructions.

15       **Step four**:  Plaintiff cannot perform past relevant work.

16       **Step five**:  As there are jobs that exist in significant numbers in the national economy that
         Plaintiff can perform, Plaintiff is not disabled.

17  AR 6128-42.

18        The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

19  Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the

20  Commissioner to this Court.  Dkt. 4.

21  //

22

23  _____

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred by finding at step three that she did not meet or equal a listing, and in assessing certain medical opinions. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

1    **A.    The ALJ Did Not Err at Step Three**

2    Plaintiff contends that the ALJ erred in finding that her mental impairments did not meet

3    or equal Listing 12.04 and/or 12.06.  Dkt. 16 at 5-7.  The ALJ considered those listings but found

4    that because Plaintiff's functioning is not markedly or extremely limited in any of the broad

5    areas of functioning addressed in those listings, and because the record does not demonstrate that

6    Plaintiff has only a minimal capacity to adapt to changes in her environment, Plaintiff did not

7    meet or equal those listings.  AR 6134-36.

8    At step three, the ALJ considers whether one or more of a claimant's impairments meet

9    or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations.  "The

10   listings define impairments that would prevent an adult, regardless of his age, education, or work

11   experience, from performing *any* gainful activity, not just substantial gainful activity."  *Sullivan*

12   *v. Zebley*, 493 U.S. 521, 532 (1990) (cleaned up).

13   Plaintiff bears the burden of proof at step three.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5

14   (1987).  A mere diagnosis does not suffice to establish disability.  *Key v. Heckler*, 754 F.2d 1545,

15   1549-50 (9th Cir. 1985).  "'[An impairment] must also have the *findings* shown in the Listing of

16   that impairment.'"  *Id*. at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*).  To meet a

17   listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530

18   (emphasis in original).  "To equal a listed impairment, a claimant must establish symptoms, signs

19   and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant

20   listed impairment[.]"  *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999); § 416.926 (a).  *See*

21   *also Sullivan*, 493 U.S. at 531(to establish equivalency, claimant "must present medical findings

22   equal in severity to *all* the criteria" for the listing).

23

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

1      Although Plaintiff contends that she meets or equals Listings 12.04 and 12.06 (Dkt. 16 at

2   5-7), she does not identify the requirements of either listing nor does she persuasively explain

3   why the record shows that she meets or equals those requirements, contrary to the ALJ's

4   findings.  *See* AR 6134-36.  For example, Plaintiff directs the Court's attention to mental status

5   examination findings that she believes would support a finding that her ability to concentrate is

6   markedly impaired (Dkt. 16 at 6), but does not acknowledge that the examiner indicated that

7   Plaintiff put forth poor effort on this examination, as the ALJ noted.  *See* AR 2854-55, 6138.

8   Plaintiff also contends that she has "extreme difficulty adapting to new environments" (Dkt. 16

9   at 6), but cites no evidence to support that assertion.  Plaintiff's bald assertion is insufficient to

10   establish that the ALJ erred in finding that Plaintiff had mild limitation in adapting and managing

11   herself or that she did not demonstrate marginal adjustment.  *See* AR 6135-36.

12      Plaintiff's cursory and incomplete step-three argument fails to establish error in the ALJ's

13   findings as to the functional requirements of Listings 12.04 and/or 12.06.  Under these

14   circumstances, Plaintiff has failed to meet her burden to show harmful legal error in the ALJ's

15   step-three findings.

16   **B.      The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

17      Plaintiff challenges the ALJ's finding that certain medical opinions are unpersuasive, and

18   the Court will address each disputed opinion in turn.

19      *1.      Legal Standards*

20      Under regulations applicable to this case,[3] the ALJ is required to articulate the

21   persuasiveness of each medical opinion, specifically with respect to whether the opinions are

22

23   ───────────────────────────
[3] Plaintiff's opening brief does not acknowledge the regulatory changes that occurred before the date of her application, and she relies on superseded authority in challenging the ALJ's assessment of the medical opinions.  Dkt. 16 at 7-9.

supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency

and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*,

32 F.4th 785, 792 (9th Cir. 2022).

>        2.        *State Agency Psychological Consultants*

State agency psychological consultants opined that, *inter alia*, Plaintiff was limited to

performing simple 1-3-step tasks.  AR 2522-36, 2538-52.  The ALJ found these opinions

unpersuasive, noting that although the consultants cited a number of abnormal mental status

findings from an examination, that examiner indicated that Plaintiff put forth poor effort during

the examination.  AR 6139 (citing or referencing AR 2527, 2854-55).  The ALJ also found the

State agency opinions inconsistent with Plaintiff's ability to follow spoken instructions, drive a

car, shop in stores, handle money, read, and watch television.  *Id*.

The ALJ properly considered the support for the State agency psychological opinions,

and accurately noted that although they cited findings as support for their conclusions, those

findings were obtained in the context of Plaintiff's poor effort on examination.  AR 6139.  This

supportability finding is supported by substantial evidence in the record and is unchallenged in

Plaintiff's opening brief.  *See* Dkt. 16 at 7-8.  Moreover, the ALJ reasonably found that

Plaintiff's self-reported ability to drive, shop, and handle money is inconsistent with a limitation

to performing 1-3-step tasks.  AR 6139 (citing AR 2650-57).  Because the ALJ reasonably

considered the supportability and consistency of the State agency opinions, Plaintiff has failed to

show error in the ALJ's assessment of those opinions.

>        3.        *Michael Roxas, M.D.*

Dr. Roxas, Plaintiff's treating physician, completed a form opinion in March 2020.  AR

5547-52.  He opined that Plaintiff could never lift any amount of weight, and that she had other

1   physical limitations as well.  *Id*.  The ALJ noted that as the basis for his opinion, Dr. Roxas cited

2   only Plaintiff's diagnoses.  AR 6139.  The ALJ also found that Dr. Roxas's opinion was

3   inconsistent with Plaintiff's ability to live independently in her own apartment and help care for

4   her grandchildren.  *Id*.  For these reasons, the ALJ found Dr. Roxas's opinion unpersuasive.

5           Plaintiff notes, correctly, that a person need not be "a fully incapacitated 'vegetable' to be

6   found disabled[,]" and that her living situation and her need to care for her grandchildren do not

7   prove that she can work.  Dkt. 16 at 8.  But the ALJ did not claim that Plaintiff's activities

8   demonstrate that she can work; instead, the ALJ cited Plaintiff's activities as inconsistent with

9   Dr. Roxas's opinion that Plaintiff can never lift any amount of weight.  Such an extreme opinion

10  is reasonably inconsistent with the evidence that Plaintiff can live alone and care for her

11  grandchildren because both of those activities require lifting some amount of weight for some

12  length of time.  For these reasons, the ALJ's consistency finding is reasonable and supported by

13  substantial evidence.

14          Moreover, the ALJ's unchallenged supportability finding is also reasonable and

15  supported by substantial evidence.  The form Dr. Roxas completed asked him to identify the

16  clinical findings that support each of the functional limitations he identified, and he generally left

17  those sections blank or simply listed Plaintiff's diagnoses.  *See* AR 5547-52.  The ALJ

18  reasonably found that Dr. Roxas's failure to explain the basis for his conclusions undermined the

19  persuasiveness of the opinion.  *See* 20 C.F.R. § 404.1520c(c)(1) (explaining that the

20  "supportability" factor addresses the relevance of the objective evidence presented in support of

21  an opinion, as well as the "supporting explanations" provided by the medical source).

22

23

1

## CONCLUSION

2     For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and

3 this case is **DISMISSED** with prejudice.

4     Dated this 18th day of July, 2023.

5

6

7                                         S. KATE VAUGHAN
                                          United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8